**Taylor Steel, Inc. v. Three Rivers Building Products, LLC**

*Shawn P. McClure*, for plaintiff
*Benjamin I. Feldman*, for defendant

PICCIONE, *J.*, August 5, 2013—Before this court for disposition is the plaintiff's, Taylor Steel, Inc. (hereinafter, the "plaintiff"), motion for summary judgment pursuant to Pa.R.C.P. 1035.2 (hereinafter the "motion"). This current action was commenced on November 7, 2012, when the plaintiff filed the complaint for breach of contract against the defendant, Three Rivers Building Products, LLC formerly known as Harmony Doors, LLC doing business as OSG Doors and as Opening Solutions Group, LLC (hereinafter, the defendant). In the complaint, the plaintiff avers that the defendant entered into a contract with the plaintiff for the sale of goods, in the amount of $90,271.75, on a commercial credit basis. The plaintiff further avers that it delivered the goods to the defendant which accepted the goods and made partial payments toward the balance owed for the goods. The plaintiff alleges that as of October 15, 2012, a balance of $57,382.45 remains owed on the debt, and the defendant has ceased payment. As such, the

plaintiff requests that the defendant be ordered to pay the remaining balance as well as the legal rate of interest, six percent, on the balance. The plaintiff attached copies of sales invoices and payment history between the plaintiff and the defendant to the complaint.

On December 7, 2012, the defendant filed its answer. In the answer, the defendant admits to having entered into an agreement with the plaintiff for the sale of goods and making partial payments; however, the defendant denies that it should be responsible to pay any type of interest or penalty for late payment. In addition, the defendant does not respond to the other allegations, due to its claim that the invoices attached to the complaint are illegible and that the plaintiff has paraphrased and interpreted the terms of the agreement and made conclusions of law based on the interpretation.

The defendant's answer also contains a new matter. Therein, the defendant asserts that in July, 2012, Mr. Louis Figueroa (hereinafter, "Figueroa"), the President of Credit Decisions International, Ltd, an agent of the plaintiff who is responsible for overseeing the collection of the defendant's debt, and Ms. Cynthia Caleris (hereinafter, "Caleris"), an agent of the defendant, agreed that payments could be made in the amount of $2,500 per week. The defendant asserts that it adhered to this payment schedule as evidenced by the plaintiff's acknowledgment of its acceptance of the partial payment. The defendant further avers that in October 2012, the plaintiff notified the defendant that it would no longer accept partial payment. The defendant claims to have been willing to continue to make payments

in accordance with the alleged modified agreement but for the plaintiff's refusal to accept payment. As such, the defendant argues that it has not breached any contract, and the complaint should be dismissed accordingly.

On December 28, 2012, the plaintiff filed its reply to the new matter (hereinafter, the "reply"). In the reply, the plaintiff avers that the payment agreement was not modified, but that its acceptance of $2,500 per week was the plaintiff accepting consideration in exchange for a forbearance of its right to bring a legal action to collect the outstanding balance. Further, the plaintiff alleges that, in October 2012, it did not renege on an agreement to accept a modified payment schedule; rather it notified the defendant that it would no longer accept sporadic and untimely payments.

On March 26, 2013, the plaintiff filed the instant motion, requesting summary judgment for $57,382.45 and continuing interest at the legal rate of six percent and costs. Attached to the motion as "exhibit 4," is an affidavit of Mr. Robert Isaacson (hereinafter, "Isaacson"), the plaintiff's Credit Manager. In the affidavit, Isaacson attests to the accuracy of the invoices and the debt owed by the defendant. Also attached to the motion as "exhibit 5" is an affidavit of Figueroa in which he avers that the defendant's promise to make partial payments of $2,500 per week was not a modification of the terms of payment agreement, but consideration in exchange for the plaintiff's forbearing from taking action to collect the debt. In the motion, the plaintiff asserts that the facts established throughout the complaint, answer, new matter, and reply, in addition to

the affidavits, leave no genuine issue of material fact, and it is entitled to judgment as a matter of law.

On April 18, 2013, this court ordered oral argument to be heard on the motion and ordered the parties to file briefs. On May 8, 2013, the defendant submitted its response to plaintiff's motion for summary judgment (hereinafter, the "response"). Attached to the response is an affidavit of Caleris. In her affidavit, Caleris claims to have negotiated with Figuero, and both parties agreed to modify the payment plan to $2,500 per week. Caleris claims that as part of this modified agreement, the plaintiff agreed to forbear from pursuing legal actions as a means of collection. Briefs in support of the parties' positions were submitted by both parties, and this court heard the oral argument on June, 24 2013.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure:

> After the relevant pleadings are closed, but within such a time as not to unreasonably delay trial, any party may move for summary judgment in whole or in party as a matter of law:

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial

has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. The moving party bears the burden of demonstrating that no issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). "In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 194-195 (Pa. 2007).

In order for summary judgment to be granted in a breach of contract action, the moving party must established that the following elements exist with no remaining question of material fact: (1) a contract exists; (2) breach of a duty imposed by the contract has occurred; and (3) damages have been incurred through the breach. *Fritz v. Glen Mills Sch.*, 894 A.2d 172, 179 (Pa. Commw. Ct. 2006). Because this contract is between two merchants for the sale of goods, the Uniform Commercial Code (hereinafter, the "U.C.C.") governs the contract and dictates that not all terms (such as price) must be expressly stated in writing as to make the contract binding. 13 Pa. C.S.A. § 2201; 13 Pa. C.S.A. § 2104.

Neither party denies existence of a contract for sale of goods, nor does either party deny that there is an outstanding balance owed in fulfillment of the contract[1].

---

1. The defendant disputes whether the plaintiff is entitled to interest on the debt, but not that a debt is owed.

Because a debt is owed, failure to pay would undoubtedly result in damages. Therefore, further analysis as to the appropriateness of summary judgment relies on the second element: whether the defendant breached the contract.

Pursuant to Section 2511 of the U.C.C., in order to have complied with the terms of the contract, unless otherwise stated, the buyer must deliver payment to the seller to "tender and complete any delivery." 13 Pa. C.S.A. § 2511. However, the manner of tendering the payment may vary based on the terms of the agreement between the parties. 13 Pa.C.S.A. § 2511.

In addition, a contract may be modified with the consent of the parties. 13 Pa.C.S.A. § 2209. A contract may be modified without consideration. *Id.* Determination as to whether or not a parol modification of a contract has occurred and what the terms of the modification are is a question that is properly within the jury's province and unless a party's claim of modification is entirely unsupported, the trial court should not rule that the modification did not exist. *ADP, Inc. v. Morrow Motors Inc.*, 969 A.2d 1244, 1249 (Pa. Super. 2009) (citing *E. Texas Motor Freight, Diamond Div. v. Lloyd*, 484 A.2d 797 (1984)). Furthermore, the non-moving party may rely entirely on an affidavit to create a genuine issue of material fact regarding whether or not a modification occurred. *ADP, Inc. v. Morrow Motors Inc.*, 969 A.2d 1244, 1249 (Pa. Super. 2009) (citing *Gruenwald v. Advanced Computer Applications, Inc.*, 730 A.2d 1004, 1008-1009 (Pa. Super. 1999)).

In the instant action, there remains question as to

whether or not the contract was modified through the plaintiff's acceptance of the payment of $2,500 per week, which the defendant and Caleris aver was paid regularly for at least twelve weeks. The affidavit of Caleris may imply that the parties modified the contract, in which case it is uncertain if the defendant breached the terms of the modified contract.

As stated above, this court must view the evidence in the light most favorable to the non-moving party. As such, the court finds that a genuine issue of material fact remains as to whether or not the contract was modified, what the terms of the modification are, and whether the defendant complied with the terms of the modification. These questions of fact are properly determined by the jury as the fact finder. Therefore, the plaintiff's motion for summary judgment pursuant to Pa.R.C.P. 1035.2 is hereby denied.

## ORDER OF COURT

And now, this 5th day of August, 2013, this matter being before the court on June 24, 2013 for oral argument, regarding the plaintiff's motion for summary judgment pursuant to Pa.R.C.P. 1035.2, with Shawn P. McClure, Esquire, appearing and representing the plaintiff, and Benjamin I. Feldman, Esquire, appearing and representing the defendant, and after a complete and thorough review of the arguments presented and submitted by counsel, the court hereby orders and decrees as follows:

1. The plaintiff's motion for summary judgment pursuant to Pa.R.C.P. 1035.2 is hereby denied, pursuant to

the attached opinion.

2. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at his last known address as contained in the court's file.