444 A.2d 715

**PENNYPACK WOODS HOME OWNERSHIP ASSOCIATION, Appellant,**

**v.**

**David REGAN and John Regan.**

**PENNYPACK WOODS HOME OWNERSHIP ASSOCIATION (A Corporation)**

**v.**

**David REGAN and John Regan, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1981.

Filed April 16, 1982.

---

Edward I. Swichar, Philadelphia, for Pennypack Woods Home Ownership Assn.

Mary Alice Duffy, Philadelphia, for David and John Regan.

Before HESTER, DISALLE and MONTGOMERY, JJ.

HESTER, Judge:

On July 3, 1964, appellant, Pennypack Woods Home Ownership Association, filed a complaint in equity against appellee David Regan in the Court of Common Pleas of Philadelphia County. This complaint concerned a trespass upon real property, as well as other questions relating to the rights of use and enjoyment of said property. The case was assigned to the Honorable James T. McDermott, who heard the case without a jury.

On September 12, 1966, Judge McDermott entered an oral consent decree, in open court, upon the concurrence of all parties, setting forth certain rights and obligations of the respective parties with regard to the real property involved. The consent decree was transcribed and filed with the lower court. In the decree, Judge McDermott specified ". . . that such powers as are within our reach will be used without failure against he who fails to carry out the Order."

In June of 1976, Pennypack filed a motion with the lower court requesting that the court hold Regan in contempt for allegedly violating the consent decree of September 12, 1966. Regan filed an answer and "counterclaim" to the motion. The motion was assigned to Judge McDermott for his disposition. Counsel for Pennypack wrote a letter to Judge McDermott, requesting that a hearing on the motion for contempt be scheduled.

On April 26, 1979, without a hearing, the lower court entered an Order dismissing Pennypack's motion and Regan's "counterclaim", "as moot by reason of the passage of time". On May 6, 1980, the lower court entered its opinion in support of its order of April 26, 1979. The opinion

basically stated that the passage of time (almost 12 years) rendered the contempt issue moot, and that Pennypack's proper remedy was to sue in Assumpsit for violation of the "contract" to which the parties had agreed on September 12, 1966.

Appellee-Regan had been granted an extension of time to file a brief with this Court on or before February 18, 1982. However, no brief has been filed.

We reverse.

■ It is well settled that a Consent Decree "binds the parties with the same force and effect as if a final decree had been rendered after a full hearing upon the merits." *Zampetti v. Cavanaugh*, 406 Pa. 259, 265, 176 A.2d 906, 909 (1962); *Commonwealth v. United States Steel Corporation*, 15 Pa.Cmwlth. 184, 325 A.2d 324, 328 (1974); *Baran v. Baran*, 166 Pa.Super. 532, 537, 72 A.2d 623 (1950); *Sabatine v. Commonwealth*, 41 Pa.Cmwlth. 109, 398 A.2d 741 (1979). The discontinuance or settlement of the action which gave rise to the consent decree does not deprive the court of its jurisdiction to enforce the decree. *Calantzis v. Collins*, 440 Pa. 354, 358, 269 A.2d 655, 657 (1970).

■ On September 12, 1966, the lower court specifically noted its continuing jurisdiction to enforce the terms of the decree. If such were not the case, parties would not have the incentive to settle a dispute by way of consent decree prior to final hearing and decision. The policy of encouraging parties to enter into settlement agreement, by way of a consent decree, and the principle of *stare decisis* mandate that parties to a consent decree be able to seek direct enforcement of the decree without the filing of a separate and independent cause of action in assumpsit or otherwise.

■ Accordingly, we remand to the jurisdiction of the lower court for an evidentiary hearing concerning Penny-

pack's motion for contempt, as well as Regan's "counter-claim".[1]

Reversed and Remanded to the jurisdiction of the lower court.

DISALLE, J., did not participate in the consideration or decision of this case.

1. Since the issue is not properly before us, we express no opinion concerning the procedures used in this case relevant to the contempt proceeding.