**DUQUESNE LIGHT COMPANY,**
**Appellant,**

v.

**RUDOLPH N. ROHN CO., INC. and Frieda Rohn, Both Individually and as Trustee of the Frieda Rohn Living Trust, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1999.

Filed May 31, 2000.

William T. Molczan, Pittsburgh, for appellant.

John T. McVay, Pittsburgh, for appellees.

Before DEL SOLE and FORD ELLIOTT, JJ., and CIRILLO, President Judge Emeritus.

DEL SOLE, J.:

¶ 1 Following this court's grant of Appellant's petition for review, we are presented with an appeal from a trial court order opening a consent judgment and staying a pending execution of Appellees' personal property. We affirm the stay of execution, but because the trial court failed to follow the appropriate procedures in issuing its order, we reverse the order opening the consent judgment and remand this matter to the trial court.

¶ 2 Appellant commenced an action in 1996 seeking to recover from Appellees the amount owed for unpaid electrical service. The case proceeded to arbitration and Appellant was awarded $24,865.57. Appellees appealed the arbitration award and demanded a jury trial. However, on April 2, 1998, when the parties met for a conciliation conference, an agreement was reached in the form of a consent judgment. The consent judgment provided for the entry of judgment in the sum of $24,-865.57; however, Appellant agreed to take no post judgment collection action and to consider the judgment paid in full and satisfied upon Appellees' payment of $12,-000 within 120 days. The consent judgment was entered of record on April 7, 1998.

¶ 3 The period of 120 days passed without payment by Appellees. On August 14, 1998, Appellants filed a praecipe for a writ of execution in the full amount of the consent judgment plus interest and costs. The sheriff levied on Appellees' personal property and scheduled a sheriff's sale. On November 5, 1998, before the sale was conducted, Appellees filed a Petition to Enforce Settlement and Award Counsel Fees, Stay Execution and Open Judgment. The Petition alleged that Appellee Frieda Rohn, who had been hospitalized and was in declining health related to Alzheimer's disease, began a good faith effort through her granddaughter to comply with the order. It alleged that it was necessary for the granddaughter to apply for loans and that she was unable to close on a loan until October 15, 1998. Appellees' petition stated that the $12,000 was offered to Appellant with a request for a release, but Appellant demanded the payment of the full amount of the judgment. Appellant was served with this November 5 petition along with notice that it was to be presented to the court on Monday November 9, 1998 at 9:30 a.m.

¶ 4 On that same date, after presentation of the petition, the trial court issued

an order opening the consent judgment and staying execution. On November 25, 1998, the court issued a second order directing the payment of interest on the amount of $12,000 from July 31, 1998 until the date of payment, plus counsel fees. In the Opinion written for this court the trial court explained that Frieda Rohn was in declining health and was assisted by her granddaughter in taking out a loan to comply with the terms of the consent judgment. The trial court noted that the loan was obtained within 2½ months after the end of the grace period and that Appellees offered to pay interest and attorney fees as an added inducement to accept the late payment. The court ruled that it would be "inequitable" to allow Appellant to seek execution. The court remarked that Appellant sat on unpaid electric bills for eight years allowing the balance for "residential services" to climb before filing suit or terminating service. The court found untenable the position that Appellant could not wait an additional 2-½ months for payment of a figure that it had previously accepted as adequate to satisfy the claim.

¶ 5 On appeal Appellant questions the trial court's authority to open the consent judgment and argues that an insufficient record exists to support the court's action. Because we find the court did not comply with the appropriate procedure before entering its order opening the judgment, we reverse that portion of the court's order.

¶ 6 The trial court issued its order opening the judgment on the very day the petition to open was presented before the court. Although Appellant was apparently advised of the presentation of the petition before the court, Appellant was not provided with any meaningful opportunity to respond to the request to open the judgment. Upon presentation of Appellees' petition, and upon concluding that the petition stated prima facie grounds for relief, the trial court's initial action should have been to enter an order issuing a Rule to Show Cause, substantially in the form set forth in Pa.R.C.P. 206.5(d). Such an order would have permitted the respondent to file an answer to the petition and would have allowed for the taking of depositions.

¶ 7 In accordance with Rule 206.7, if an answer to the petition is not filed, the averments of fact in the petition may be deemed admitted. If an answer is filed which does not dispute issues of fact, the court shall decide the petition. Pa.R.C.P. 206.7(b). Where however the answer raises disputed issues of fact, the petitioner may take depositions or engage in other discovery as the court permits. Pa.R.C.P. 206.7(c). If the petitioner elects not to take such action, the petition is to be decided with the court deeming admitted all averments of fact responsive to the petition which are contained in the answer. *Id.*

¶ 8 In this case the petition set forth averments which the trial court adopted as fact and applied in reaching its determination that it was equitable to open the judgment. Appellant disputes many of these facts including whether the property was residential, the solvency of Ms. Rohn and her ability to pay for the charges, and the collection efforts it made. Appellant's Brief at 14–15. Appellant should have been given an opportunity to litigate these allegations as contemplated by the Rules. Only then can the court make an informed judgment on the information presented. By foregoing the proper procedure when presented with a petition to open, the trial court denied Appellant the opportunity for meaningful review.

¶ 9 Accordingly, we vacate the trial court order which opens the judgment because the court erred in granting the relief in view of the posture of the case. Finding no fault with staying the execution on Appellees' personal property pending resolution of the Rule to Show Cause, we affirm that portion of the trial court's decision. We remand this case to the trial court with directions that it issue an appropriate Rule to show cause why the relief requested by Appellee should not be granted. Following the issuance of the Rule, the parties

should proceed as outlined in Pa.R.C.P. 206.7.

¶ 10 Order affirmed in part, reversed in part and remanded. Jurisdiction relinquished.