J-A20030-16

2016 PA Super 252

| CAMP HORNE SELF STORAGE LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| LAWYERS TITLE INSURANCE CORPORATION | |
| Appellee | No. 1562 WDA 2015 |

Appeal from the Order Entered July 14, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: No. GD-09-015425

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

OPINION BY STABILE, J.:                    **FILED NOVEMBER 15, 2016**

Appellant Camp Horne Self Storage LLC appeals from the July 14, 2015 order entered in the Court of Common Pleas of Allegheny County ("trial court"), denying Appellant's motion to enforce a settlement agreement. Upon review, we quash.

The procedural history underlying this case is undisputed.[1]   On January 29, 2010, Appellant filed a complaint against Appellee Lawyers Title Insurance Corporation,[2] alleging breach of contract, bad faith, and wrongful denial of insurance benefits.   The parties eventually entered into a

_____

[1] Because we resolve this appeal on procedural grounds, we need not provide a full recitation of the facts.

[2] Lawyers Title Insurance Corporation has merged with Fidelity National Title Corporation ("Fidelity National").  Thus, Fidelity National is the successor by merger to Lawyers Title Insurance Corporation.

settlement agreement on January 21, 2011. Appellant then filed a praecipe to discontinue the action against Appellee on February 1, 2011. Under the settlement agreement, Appellee agreed to have certain landscaping work performed on Appellant's property. Appellant was dissatisfied with the landscaping work and, on October 29, 2014, Appellant filed a motion to enforce the settlement agreement.[3] That same day, the trial court issued a rule to show cause why the settlement agreement should not be enforced. On November 11, 2014, Appellee filed an answer to the motion. Following a hearing, the trial court dissolved the rule to show cause and denied Appellant's motion to enforce on July 14, 2015. Thereafter, on July 23, 2015, Appellant filed a motion for post-trial relief, which the trial court denied on September 17, 2015. On October 2, 2015, Appellant appealed to this Court.

On appeal,[4] Appellant raises four issues for our review:

---

[3] Motions are governed by Pa.R.C.P. No. 208.1-208.4.

[4] In **Casey v. GAF Corp.**, 828 A.2d 362 (Pa. Super. 2003), *appeal denied*, 844 A.2d 550 (Pa. 2004), we explained:

> Our standard of review of a trial court's grant or denial of a motion to enforce a settlement agreement is plenary, as the challenge is to the trial court's conclusion of law. We are free to draw our own inferences and reach our own conclusions from the facts as found by the trial court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence.

**Casey**, 828 A.2d at 367 (citation omitted).

I. Whether the trial court erred in determining that [Reynolds Brothers] orally modified the release?[5]

II. Whether the trial court erred in determining that there was "clear, precise and convincing evidence" of the oral modification?

III. Whether the trial court erred in finding that the alleged oral modification was based on valid consideration?

IV. Whether Appellant [] filed a timely and proper appeal from the trial court's July 13, 2015 non-jury verdict?

Appellant's Brief at 7.

Before we may address the merits of Appellant's issues, we must determine whether the trial court had jurisdiction to entertain Appellant's motion to enforce the settlement agreement. Upon our review of the record, we conclude that the trial court did not have jurisdiction. As noted, Appellant filed the motion to enforce the settlement agreement at the same docket at which it had discontinued, under Pa.R.C.P. No. 229, the underlying civil action on February 1, 2011. Rule 229 provides:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

---

[5] Reynolds Brothers was the landscaping company hired by Appellee's counsel to perform work on Appellant's property. Appellant's Brief at 12.

(2) In an action governed by Rule 1042.3, a plaintiff may enter a discontinuance as to a defendant if a certificate of merit as to that defendant has not been filed.

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. No. 229. We recently explained in **Motley Crew, LLC v. Bonner Chevrolet Co., Inc.**, 93 A.3d 474 (Pa. Super. 2014), *appeal denied*, 104 A.3d 526 (Pa. 2014), that "[t]he general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted." **Motley Crew, LLC**, 93 A.3d at 476 (citations omitted). We further reasoned that "when an action is discontinued [under Rule 229], there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction." **Id**.

Additionally, Pa.R.C.P. No. 229.1, relating to settlement funds, provides in part:

(c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days from receipt of an executed release.

*Note:* If court approval of the settlement is required, Rule 229.1 is not operative until the settlement is so approved.

*Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant.*

- 4 -

(d) If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to

>   (1) invalidate the agreement of settlement as permitted by law, or

>   (2) impose sanctions on the defendant as provided in subdivision (e) of this rule.

Pa.R.C.P. No. 229.1(c), (d) (emphasis added). Rule 229.1, whose "purpose is to protect parties from reneging on an agreement[,]" *Wright v. Lexington & Conrad Search and Abstract LLC*, 26 A.3d 1134 (Pa. Super. 2011), provides that within twenty calendar days of entering into a release,[6] the defendant must deliver the agreed upon settlement funds to the plaintiff. The defendant's failure to do so triggers the plaintiff's right under Rule 229.1 to seek either of two remedies. The plaintiff may seek to invalidate the settlement agreement, the effect of which would be to resume the civil action, or the plaintiff may seek sanctions against the defendant. As the Note to Rule 229.1(c) suggests, however, plaintiffs may avail themselves of the remedies only so long as the underlying action has not been discontinued. *See* Pa.R.C.P. No. 229.1 *note* ("Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant."); *see also Wright*, 26 A.3d at 1138 (noting that "it is the receipt of settlement funds by the plaintiff that triggers the filing of a discontinuance"). Thus, Rule 229.1 confers authority on trial

---

[6] Parties may modify the twenty-one day period by agreement.

courts to, among other things, enforce settlement agreements so long as the underlying cause of action has not been discontinued. Instantly, Appellant discontinued the breach of contract action within eleven days of entering into the settlement agreement, before Appellee attempted to comply with the terms of the settlement agreement. As a result, Appellant simply terminated the action on February 1, 2011 and divested the trial court of jurisdiction under Rule 229.1 to enforce the settlement agreement.

The subsequent filing of the October 29, 2014 motion to enforce the settlement agreement did not revive the underlying action. Rule 208.1 provides that "'motion' means any application to the court for an order made in **any civil action or proceeding**[.]" Pa.R.C.P. No. 208.1 (emphasis added). Thus, based on Rule 208.1 and common logic, a motion to enforce may be only ancillary to a civil action—not be the action itself.

We note that under the circumstances of this case, Appellant could have sought redress for Appellee's alleged breach of the settlement agreement by initiating a new civil action. It is axiomatic in this Commonwealth that a plaintiff may commence a civil action by filing with the Prothonotary either a praecipe for a writ of summons or a complaint.[7]

_____

[7] The rules also require that "original process . . . be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. No. 401.

Pa.R.C.P. No. 1007; *Shackelford v. Chester Cnty. Hosp.*, 690 A.2d 732, 734 (Pa. Super, 1997).

In sum, because Appellant filed the motion at a discontinued docket number before Appellee's compliance with the settlement agreement was obtained by Appellant to Appellant's satisfaction, and because the motion to enforce could not revive the underlying action, the trial court lacked jurisdiction to entertain Appellant's motion. Accordingly, we must quash this appeal.[8]

Appeal quashed. Motion to quash dismissed as moot. Motion for attorney's fees denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[8] Given the outcome herein, we dismiss as moot Appellee's motion to quash this appeal as untimely filed, and deny Appellant's motion for attorney's fees under Pa.R.A.P. 2744.