# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Kalmeyer,                :
                                      :
         Appellant         :
                                        :
        v.                  :    No. 967 C.D. 2017
                                        :    Argued: October 16, 2018
Municipality of Penn Hills    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                **FILED: November 15, 2018**

This is an appeal filed by Gary Kalmeyer (Kalmeyer) from an order of the Court of Common Pleas of Allegheny County (trial court) denying a petition to enforce settlement that he filed in an action that had been discontinued 18 years earlier. Because we conclude that the trial court did not have jurisdiction to act on this filing in a discontinued action, we vacate the trial court's order and remand for the trial court to dismiss Kalmeyer's petition for lack of jurisdiction.

In 1988, Kalmeyer filed a civil action in the trial court, docketed as No. GD 88-20904 (the 1988 action), against the Municipality of Penn Hills (Municipality) challenging the Municipality's sewage fee ordinance that was in effect at that time, Ordinance No. 1848. (Trial Court Op. at 2; Petition to Enforce Settlement ¶¶1-2 & Ex. A, Reproduced Record (R.R.) at 4a, 9a-11a; Answer to Petition to Enforce Settlement ¶¶1-2, Supplemental (Supp.) R.R. at 2a.) Kalmeyer alleged that Ordinance No. 1848 imposed a flat sewer usage fee on all commercial and industrial properties that was five times the flat rate that it imposed on residential properties and over three times the flat rate that it imposed on public buildings,

schools, churches, hospitals, and nursing homes. (Petition to Enforce Settlement Ex. A ¶¶3-8, R.R. at 9a.) Kalmeyer contended that this commercial flat rate was unconstitutional and in excess of the Municipality's authority, as applied to his property at 410 Rodi Road, which was a single-family dwelling converted to two professional offices and was served by a private well rather than the public water line. (*Id.* ¶¶1, 9-16, R.R. at 9a-11a.) Kalmeyer did not pay the full sewage fees that were billed to him for the property under Ordinance No. 1848 and as of January 1994, this delinquency totaled over $3,000. (Trial Court Op. at 2; Petition to Enforce Settlement Exs. B, C & D, R.R. at 12a-14a.) In January 1994, Kalmeyer and the Municipality agreed to settle the 1988 action and Kalmeyer discontinued the action. (Trial Court Op. at 2-3; Petition to Enforce Settlement ¶3 & Exs. B, C & D, R.R. at 3a, 12a-14a; Answer to Petition to Enforce Settlement ¶3, Supp. R.R. at 2a; Kalmeyer Dep. at 4-5, R.R. at 44a-45a.)

The settlement was documented by two letters, a January 14, 1994 letter from the Municipality's counsel and a January 28, 1994 letter from Kalmeyer. (Trial Court Op. at 2; Petition to Enforce Settlement Exs. B & C, R.R. at 12a-13a; Kalmeyer Dep. at 5, R.R. at 45a.) The Municipality's January 14, 1994 letter stated in its entirety:

> Your proposal of paying one-half the delinquent sewage through December 15th is acceptable to the Municipality of Penn Hills. A review of Centax indicates your delinquent bill, as of December 15, 1993, was $3,395.59. We will accept one-half of that amount and mark all bills current and paid through that date. I assume that all bills will remain current from this point forward. If this is acceptable, please send a check made payable for $1,697.79. Also, please enclose a Prothonotary's receipt indicating that the case filed at GD88-20904 has been settled and discontinued. Any questions, please call.

2

(Petition to Enforce Settlement Ex. B, R.R. at 12a.) Kalmeyer's January 28, 1994 letter in response stated in its entirety:

> Shortly after receipt of your letter dated 1-14-94, I received the enclosed bill for sewage fees in the amount of $3,563.85.
> Pursuant to our agreement, I enclose a check for one half that amount, payable to the Central Tax Bureau. I would appreciate your forwarding this check and statement to them, confirming that this should bring our account current.
> In the meanwhile, I have already satisfied the docket, but have misplaced my receipt.
> Finally, I would like to get the water meter installed as soon as possible. Could you or someone from the municipality contact me and advise if they make meters available, and any other concerns they may have.

(*Id.* Ex. C, R.R. at 13a.) Following this settlement, Kalmeyer installed a water meter, and from 1994 to 2008 the Municipality billed him for sewage based on the usage shown by the meter. (Trial Court Op. at 2; Petition to Enforce Settlement ¶¶6, 9-13, 15-18 & Exs. E-FF, R.R. at 4a-6a, 15a-42a; Answer to Petition to Enforce Settlement ¶¶9-13, 15, 17, Supp. R.R. at 3a; Kalmeyer Dep. at 4, 8, R.R. at 44a, 48a.)

In 2008, the Municipality enacted a new sewage fee ordinance that included flat rates for commercial users not connected to public water lines and began billing Kalmeyer in accordance with this new ordinance. (Trial Court Op. at 2; Petition to Enforce Settlement ¶¶20-21 & Ex. GG, R.R. at 6a, 43a; Answer to Petition to Enforce Settlement ¶¶20-21, Supp. R.R. at 3a-4a.) Kalmeyer did not pay the amounts that he was billed for sewage fees under the 2008 ordinance. (Trial Court Op. at 2; Kalmeyer Dep. at 9, R.R. at 49a.)

On February 29, 2012, Kalmeyer filed the instant petition to enforce settlement in the 1988 action. Kalmeyer alleged in the petition that the settlement of the 1988 action included an agreement that his sewage fees would be based on his water usage and that the 2008 change to billing him a flat fee violated that settlement

3

agreement. (Petition to Enforce Settlement ¶¶4, 20-22, R.R. at 4a, 6a-7a.) Kalmeyer's petition also alleged, as an alternative ground for relief, that application of a flat fee to his property was illegal, even if it was not barred by the settlement. (*Id.* ¶¶27-28, R.R. at 7a-8a.)

Depositions were taken in 2014 and 2015 of Kalmeyer and Wayne DeLuca, the attorney for the Municipality who had been involved in the settlement. Kalmeyer testified that the terms of the settlement included both the compromise of the past due sewage fees set forth in the January 14, 1994 and January 28, 1994 letters and an agreement that he would install a water meter approved by the Municipality and that the Municipality would bill him based on the meter reading. (Kalmeyer Dep. at 7-9, R.R. at 47a-49a.) Kalmeyer, however, admitted that the January 14, 1994 and January 28, 1994 letters set forth the parties' entire settlement agreement and were the only settlement documents. (*Id.* at 5, 7, R.R. at 45a, 47a.) Kalmeyer also admitted that there was no agreement that the Municipality would not raise its sewage fees in the future. (*Id.* at 5, 11, R.R. at 45a, 51a.) DeLuca testified that he did not recall any agreement beyond the compromise of past due amounts, and that if there was any agreement with respect to future billing, it would have been put in writing. (DeLuca Dep. at 5-11, Supp. R.R. at 13a-19a.) Kalmeyer did not attach the 2008 ordinance or Ordinance No. 1848 to his petition to enforce settlement, and neither Kalmeyer nor the Municipality put either ordinance in evidence before the trial court. Because the 1988 action was discontinued in 1994, the original record and the trial court's index and docket entries do not include any documents from that action and the record contains only documents from 2012 on, beginning with the petition to enforce the settlement agreement.

On April 5, 2017, the trial court denied the petition to enforce settlement on the ground that the settlement agreement did not include an agreement

4

not to impose a flat fee in the future. (Trial Court Order; Trial Court Op. at 3.) Kalmeyer timely appealed the trial court's order to the Superior Court, which transferred the appeal to this Court because it involves an action against a municipality. Kalmeyer raises as the sole issue in this appeal whether the trial court erred in its interpretation of the settlement agreement, contending that the meter-based billing after the settlement showed that the Municipality agreed that it would not impose a flat sewage fee in the future.[1]

We conclude that the trial court did not have jurisdiction to adjudicate the petition to enforce settlement and therefore do not address the parties' arguments on the merits of this appeal. This is a question of law as to which the standard of review is *de novo* and the scope of review is plenary. *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008). Although neither party raised the issue of jurisdiction in their briefs, subject matter jurisdiction is not waivable and may be raised at any stage of a proceeding *sua sponte* by the Court. *Blackwell v. State Ethics Commission*, 567 A.2d 630, 636 (Pa. 1989); *Ness v. York Township Board of Commissioners*, 123 A.3d 1166, 1169 n.2 (Pa. Cmwlth. 2015). The parties were ordered to address at oral argument whether the trial court had jurisdiction and did address the jurisdictional issue at argument.

Kalmeyer sought enforcement of the settlement as a petition for a rule to show cause filed in the 1988 action, and did not file a complaint or writ of

---

[1] Kalmeyer also argues in his brief that the trial court erred in denying his petition because application of the 2008 flat sewage fee to his property is unreasonable. Kalmeyer, however, did not include this issue in his Statement of Questions Involved. (Appellant's Br. at 4.) Issues not included in the Statement of Questions are waived and need not be considered by the Court even if they are addressed in the argument section of the brief. Pa. R.A.P. 2116(a); *Dunn v. Board of Property Assessment, Appeals and Review of Allegheny County*, 877 A.2d 504, 510 n.13 (Pa. Cmwlth. 2005), *aff'd without op.*, 936 A.2d 487 (Pa. 2007); *Mione v. Pennsylvania Board of Probation and Parole*, 709 A.2d 440, 443 n.6 (Pa. Cmwlth. 1998). In any event, we need not address this issue because we vacate the trial court's order for lack of jurisdiction.

5

summons to commence an action for breach of the settlement. (Petition to Enforce Settlement ¶1, R.R. at 4a; Answer to Petition to Enforce Settlement ¶1, Supp. R.R. at 2a; Petition to Enforce Settlement Cover Sheet, Original Record Docket Entry No. 1 at 1; Docket Entries, R.R. at 1a-2a.) The 1988 action, however, was discontinued in January 1994, 18 years before the petition to enforce settlement was filed.

Ordinarily, where an action is discontinued, there is no longer any proceeding in which the trial court may exercise jurisdiction. *American Express Bank, FSB v. Martin*, __ A.3d __, __ (Pa. Super., No. 181 EDA 2018, September 5, 2018), slip op. at 3; *Camp Horne Self Storage LLC v. Lawyers Title Insurance Corp.*, 150 A.3d 999, 1001 (Pa. Super. 2016); *Motley Crew LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 476 (Pa. Super. 2014). "'The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted.' … Absent a pending action or controversy, the court has no matter over which to exercise jurisdiction." *American Express Bank*, __ A.3d at __, slip op. at 3 (emphasis omitted) (quoting *Motley Crew*); *see also Camp Horne Self Storage*, 150 A.3d at 1001.

> [W]hen an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction.

*Motley Crew*, 93 A.3d at 476; *see also Camp Horne Self Storage*, 150 A.3d at 1001.

Where there is a consent decree or other court order incorporating settlement terms that require performance of future acts, an exception to this rule exists and the trial court retains jurisdiction to enforce its order despite the discontinuance of the action. *Calantzis v. Collins*, 269 A.2d 655, 657 (Pa. 1970) ("The discontinuance of the action, based on a decree requiring a performance of a series of acts does not oust the court of its jurisdiction to see to the enforcement of

6

that decree"); *Advanced Management Research, Inc. v. Emanuel*, 266 A.2d 673, 676 (Pa. 1970) ("The power of a court of equity to enforce its own decrees is a necessary incident to the jurisdiction of the court. … The jurisdiction of the court continues for the purpose of enforcing the decree") (quoting *Butler County v. Pittsburgh, H., B. and N.C. Ry. Co.*, 148 A. 504 (Pa. 1929)); *Pennypack Woods Home Ownership Association v. Regan*, 444 A.2d 715, 716 (Pa. Super. 1982). Jurisdiction to enforce settlement terms that are incorporated in a court order can continue to exist years after the underlying action is discontinued. *Pennypack Woods Home Ownership Association*, 444 A.2d at 716 (trial court retained jurisdiction to enforce settlement entered as consent decree 10 years later).

If, however, the action is simply discontinued following the parties' agreement to a settlement and the settlement terms are not incorporated in a court order, the trial court loses jurisdiction to act and cannot enforce the settlement on a petition filed in the original, discontinued action. *Camp Horne Self Storage*, 150 A.3d at 1001-03 (trial court did not have jurisdiction to rule on the motion to enforce settlement where the action had been discontinued over 3 years earlier). The filing of a motion or petition to enforce a settlement that is not incorporated in a court order does not revive the discontinued action, and a party claiming breach can obtain relief only by commencing a new action for breach of the settlement agreement by complaint or writ of summons. *Id.* at 1002.

Here, there was no consent decree and the settlement was not incorporated in a court order. Rather, it consisted of an exchange of two letters between the parties that were not sent to the trial court at the time of the settlement and, possibly, out-of-court oral understandings. (Trial Court Op. at 3; Petition to Enforce Settlement ¶3 & Exs. B, C, R.R. at 4a, 12a-13a; Answer to Petition to Enforce Settlement ¶3, Supp. R.R. at 2a; Kalmeyer Dep. at 5, R.R. at 45a.) Kalmeyer

7

does not dispute that the 1988 action was discontinued in 1994 and that his petition to enforce settlement was filed in the discontinued 1988 action and not as a new action for breach of the agreement.

Indeed, Kalmeyer at oral argument did not contend that this case is distinguishable from *Camp Horne Self Storage* and argued only that this Court should not follow that decision. Although this Court is not bound by decisions of the Superior Court, they are persuasive precedent where they address analogous issues and do not conflict with any decisions or reasoning of this Court or our Supreme Court. *Mazur v. Cuthbert*, 186 A.3d 490, 497 n.12 (Pa. Cmwlth. 2018); *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018); *In re Superior-Pacific Fund*, 693 A.2d 248, 253 (Pa. Cmwlth. 1997). Kalmeyer does not contend that *Camp Horne Self Storage* is inconsistent with this Court's or the Supreme Court's precedents, and we find it a persuasive and accurate statement of the law.

Because the 1988 action had been discontinued, the trial court lacked jurisdiction to rule on Kalmeyer's petition. *Camp Horne Self Storage*, 150 A.3d at 1001-03. Accordingly, we vacate the order of the trial court and remand this matter for the trial court to dismiss Kalmeyer's petition for lack of jurisdiction.

_____
JAMES GARDNER COLINS, Senior Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Kalmeyer,           :
                       :
           Appellant       :
                       :
           v.                :   No. 967 C.D. 2017
                       :
Municipality of Penn Hills    :

## O R D E R

AND NOW, this 15th day of November, 2018, the order of April 5, 2017 of the Court of Common Pleas of Allegheny County in the above-captioned matter is VACATED, and this matter is REMANDED to the Court of Common Pleas of Allegheny County to dismiss Appellant's petition to enforce settlement for lack of jurisdiction.

         Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge