J-S07004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DREXEL UNIVERSITY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIRANDA KROTT | : | No. 1421 MDA 2024 |

Appeal from the Order Entered September 4, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
22 15867

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 09, 2025**

Appellant Drexel University appeals from the trial court's order denying Appellant's motion to strike off a discontinuance.  Appellant argues that the trial court abused its discretion by denying the motion because Appellee has breached a settlement agreement that the parties entered into before Appellant discontinued the underlying action.  We affirm.

The trial court summarized the facts and procedural history of this matter as follows:

> On November 29, 2022, [Appellant] filed a debt collection complaint against the Defendant, Miranda Krott (hereinafter referred to as "Appellee").  [In the complaint, Appellant alleged that Appellee had been enrolled as a student at Appellant's university, Appellee had entered into a Student Financial Obligations and Tuition Repayment Agreement (Tuition Agreement) with Appellant, and that Appellee had breached the Tuition Agreement by failing to pay the amount owed under the Tuition Agreement.]  The complaint sought damages in the amount of $11,623.07.  Following the filing of the complaint, [the

trial] court scheduled a pre-trial conference for the purposes of establishing a case management order.

On March 10, 2023, prior to the date of the scheduled pre-trial conference, Appellant filed a document with the Office of the Prothonotary of Berks County entitled *praecipe* to enter [a] stipulation agreement with a stipulation agreement attached, signed by counsel for [] Appellant and Appellee. The stipulation agreement that was filed did not include a request that it be entered as a judgment, nor did it include a request that it be approved by the [trial] court. Further, there was no request that the [trial] court stay the proceedings.

The stipulation agreement as filed by Appellant provided that Appellee agreed to pay the sum of $11,623.07 to Appellant in installment payments of $50.00 per month until paid in full. If the Appellee were to fail to make the payments, after notice of default, Appellant would be permitted to enter judgment upon certification of counsel in the amount of $11,623.07, less any payments received.

Having reviewed the stipulation agreement, and out of a concern of its procedural impact on the pending case, [the trial] court issued a court order stating the following:

> AND NOW, this 14th day of March 2023, upon review of the *praecipe* to enter stipulation agreement filed on March 10, 2023, this honorable court hereby ORDERS and DIRECTS the parties shall show cause as to why the *praecipe* to enter stipulation agreement should not be stricken for failure to comply with state law and rules of procedure.
>
> No less than seven (7) days before the scheduled hearing, counsel for [Appellant] shall file a memorandum of law, in the form required by the Berks County Local Rules of Civil Procedure, outlining the Pennsylvania law authorizing the filing of a *praecipe* to enter stipulation agreement and including an explanation of its effect on pending proceedings.

*See* [Trial] Court Order 3/14/2023. After the parties having had an opportunity to brief the matter and argument held, on April 5, 2023 the [trial] court issued an order striking the stipulation agreement.

On April 12, 2023, [] Appellant filed a *praecipe* to settle, discontinue and end that read, "Kindly mark the above-captioned matter as settled, discontinued and ended upon payment of your costs only."

Approximately thirteen (13) months later, [] Appellant filed a motion to reinstate case on May 3, 2024. In the motion to reinstate case, [] Appellant alleged that it had reached a settlement agreement with the Appellee that the Appellee had failed to perform. [] Appellant alleged, "[Appellant] cannot take further action to protect its legal rights without the case being reinstated and an entry of judgment." *See* Motion to Reinstate Case, Paragraph No. 10.

On May 6, 2023, the [trial] court issued the following order:

AND NOW, this 6th Day of May 2024, upon consideration of [Appellant's] Motion to Reinstate Case (hereinafter referred to as the "Motion"), this honorable court hereby ORDERS and DIRECTS that the motion is DENIED WITHOUT PREJUDICE to any other rights [Appellant] may have to enforce its rights.

*See* [Trial] Court Order 5/6/2024.

Almost four (4) months later, and seventeen (17) months after filing a *praecipe* to settle, discontinue, and end the case, [] Appellant filed a motion to strike discontinuance on August 29, 2024. In the motion to strike discontinuance, [] Appellant alleged that "[Appellant's] rights will be prejudiced if the discontinuance is not struck off." *See* Motion to Strike Off Discontinuance, Paragraph No. 12.

On September 3, 2024, [the trial] court denied the motion to strike [the] discontinuance. Thereafter, [] Appellant filed a request for reconsideration which was also denied.

Trial Ct. Op., 10/21/24, at 2-4 (some formatting altered).

Appellant then filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

On appeal, Appellant raises the following issue:

Did the [trial court] err in denying [Appellant's] motion to strike the discontinuance?

Appellant's Brief at 2 (some formatting altered).[1]

We begin with our well-settled standard of review:

The authority to strike off a discontinuance is vested in the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion. The trial court's discretion, however, is not unlimited. [Pa.]R.C.P. 229(c) expressly provides for the striking of a discontinuance when necessary to protect either party from unreasonable inconvenience, vexation, harassment, expense or prejudice.

**Nastasiak v. Scoville Enters., Ltd.**, 618 A.2d 471, 472 (Pa. Super. 1993)

(citations omitted and some formatting altered).

---

[1] We note that Appellant references the trial court's April 5, 2023 hearing and subsequent order striking the parties' stipulation agreement. **See** Appellant's Brief at 11-14, 16-17. To the extent that Appellant argues that the trial court erred by striking the stipulation agreement, that claim became moot when Appellant discontinued the underlying action. **See Motley Crew, LLC v. Bonner Chevrolet Co.**, 93 A.3d 474, 476 (Pa Super. 2014) (explaining that the plaintiffs' "discontinuance of their action rendered it moot, because there no longer was an actual case or controversy pending either before the trial court or now before this Court").

Appellant also asserts that pursuant to the Tuition Agreement, Appellant can recover attorney's fees and costs incurred in enforcing the Tuition Agreement, but that the settlement agreement does not contain a corresponding clause. **See** Appellant's Brief at 11, 14-15. Therefore, Appellant argues it will be prejudiced if the discontinuance is not stricken because it cannot recover its attorney's fees and costs in a separate action for a breach of the settlement agreement. **See id.** We conclude that this issue is waived because Appellant did not raise this issue before the trial court. **See PCS Chadaga v. Torres**, 252 A.3d 1154, 1158 (Pa. Super. 2021) (stating that "[a] new and different theory of relief may not be successfully advanced for the first time on appeal" (citations omitted)); **see also** Pa.R.A.P. 302(a).

Rule 229 states, in relevant part:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

\* \* \*

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. 229.

This Court has explained:

A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court.

In determining whether to strike a discontinuance, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted.

***Pohl v. NGK Metals Corp.***, 936 A.2d 43, 47 (Pa. Super. 2007) (citations omitted and some formatting altered).

In its Rule 1925(a) opinion, the trial court thoroughly explained its reasons for denying Appellant's motion to strike off the discontinuance. ***See*** Trial Ct. Op. at 1-14.

Following our review of the record, Appellant's brief,[2] the relevant law, and the trial court's well-reasoned analysis, we affirm on the basis of the trial

---

[2] Appellee did not file a brief.

- 5 -

court's opinion. Specifically, we agree with the trial court that striking off the discontinuance is not necessary to protect Appellant's rights from unreasonable inconvenience, vexation, harassment, expense, or prejudice because Appellant can bring an action for Appellee's alleged breach of the settlement agreement or to institute a second action for Appellee's alleged breach of the Tuition Agreement. **See id.** at 11-14.[3] Therefore, the trial court did not abuse its discretion in denying Appellant's motion to strike off the discontinuance. **See Nastasiak**, 618 A.2d at 472. Accordingly, we affirm.[4]

Order affirmed. Jurisdiction relinquished.

_____

[3] We note that the trial court's opinion contains some typographical errors. On page 8 of the trial court's opinion, the cite to the Rules of Civil Procedure should read "Rule 229 of the Pennsylvania Rules of Civil Procedure ("A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of [the] trial.")." **See** Trial Ct. Op. at 8. Further, the citations on page 13 should read "**Consolidated National Bank v. McManus**, 217 Pa. 190, 191-192, 66 A. 250, 250 (1907)," "**Fancsali ex. rel. Fancsali v. University Health Center of Pittsburgh**, 563 Pa. 439, 444-445, 761 A.2d 1159, 1161-1162 (2000)," and "**Pohl v. NGK Metals Corp.**, 936 A.2d 43 (Pa. Super. 2007)," respectively. **See id.** at 13.

[4] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>06/09/2025</u>

DREXEL UNIVERSITY,       : IN THE COURT OF COMMON PLEAS
      Plaintiff/Appellant       : OF BERKS COUNTY, PENNSYLVANIA
                                : CIVIL ACTION – LAW
                                :
      v.       : NO. 22-15867
                                :
MIRANDA KROTT,       :
      Defendant/Appellee       : ASSIGNED TO:  JAMES E. GAVIN, J.

Gregory J. Allard, Esquire, Attorney for Plaintiff/Appellant, Drexel University
Miranda Krott, a Self-Represented Litigant, for Defendant/Appellee

**MEMORANDUM OPINION**     **October 21, 2024**     **James E. Gavin, J.**

## INTRODUCTION

Thirteen months after Drexel University discontinued this action without a reservation of any rights, it filed a Motion to Reinstate Case due to an alleged failure of Miranda Krott to comply with the terms of a settlement agreement. Four months later, after the Court had denied the Motion to Reinstate without prejudice to Drexel University's rights to pursue other available remedies, Drexel University filed a Motion to Strike Discontinuance due to Miranda Krott's alleged failure to comply with the terms of a settlement agreement. The Motion to Strike Discontinuance was also denied.

The law is clear that when an action is discontinued there is no longer any proceeding in which the trial court may exercise jurisdiction. As a result, there was no error in the Court's decisions and this matter should be affirmed.

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

## SUMMARY OF FACTS

On November 29, 2022, the Plaintiff, Drexel University (hereinafter referred to as "Appellant") filed a debt collection complaint against the Defendant, Miranda Krott (hereinafter referred to as "Appellee"). The complaint sought damages in the amount of $11,623.07. Following the filing of the complaint, this Court scheduled a pre-trial conference for the purposes of establishing a case management order.

On March 10, 2023, prior to the date of the scheduled pre-trial conference, Appellant filed a document with the Office of the Prothonotary of Berks County entitled Praecipe to Enter Stipulation Agreement with a Stipulation Agreement attached, signed by counsel for the Appellant and Appellee. The Stipulation Agreement that was filed did not include a request that it be entered as a judgment, nor did it include a request that it be approved by the Court. Further, there was no request that the Court stay the proceedings.

The Stipulation Agreement as filed by Appellant provided that Appellee agreed to pay the sum of $11,623.07 to Appellant in installment payments of $50.00 per month until paid in full. If the Appellee were to fail to make the payments, after notice of default, Appellant would be permitted to enter judgment upon certification of counsel in the amount of $11,623.07, less any payments received.

2

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

Having reviewed the Stipulation Agreement, and out of a concern of its procedural impact on the pending case, this Court issued a court order stating the following:

AND NOW, this 14th Day of March 2023, upon review of the Praecipe to Enter Stipulation Agreement filed on March 10, 2023, this Honorable Court hereby ORDERS and DIRECTS the parties shall show cause as to why the Praecipe to Enter Stipulation Agreement should not be stricken for failure to comply with state law and rules of procedure.

No less than seven (7) days before the scheduled hearing, Counsel for the Plaintiff shall file a memorandum of law, in the form required by the Berks County Local Rules of Civil Procedure, outlining the Pennsylvania law authorizing the filing of a Praecipe to Enter Stipulation Agreement and including an explanation of its effect on pending proceedings.

See Court Order 3/14/2023. After the parties having had an opportunity to brief the matter and argument held, on April 5, 2023 the Court issued an order striking the Stipulation Agreement.

On April 12, 2023, the Appellant filed a Praecipe to Settle, Discontinue and End that read, "Kindly mark the above-captioned matter as settled, discontinued and ended upon payment of your costs only."

Approximately thirteen (13) months later, the Appellant filed a Motion to Reinstate Case on May 3, 2024. In the Motion to Reinstate Case, the Appellant alleged that it had reached a settlement agreement with the Appellee that the Appellee had failed to perform. The Appellant alleged, "Plaintiff cannot take further

3

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

action to protect its legal rights without the case being reinstated and an entry of judgment." See Motion to Reinstate Case, Paragraph No. 10.

On May 6, 2023, the Court issued the following order:

> AND NOW, this 6th Day of May 2024, upon consideration of the Plaintiff's Motion to Reinstate Case (hereinafter referred to as the "Motion"), this Honorable Court hereby ORDERS and DIRECTS that the Motion is DENIED WITHOUT PREJUDICE to any other rights the Plaintiff may have to enforce its rights.

See Court Order 5/6/2024.

Almost four (4) months later, and seventeen (17) months after filing a Praecipe to Settle, Discontinue, and End the case, the Appellant filed a Motion to Strike Discontinuance on August 29, 2024. In the Motion to Strike Discontinuance, the Appellant alleged that "Plaintiff's rights will be prejudiced if the discontinuance is not struck off." See Motion to Strike Off Discontinuance, Paragraph No. 12.

On September 3, 2024, this Court denied the Motion to Strike Discontinuance. Thereafter, the Appellant filed a request for reconsideration which was also denied.

This appeal followed.

## DISCUSSION

As this case begins with the filing of a Stipulation Agreement that presents a recurring problem confronted by the Courts of Common Pleas in collection cases, the Court will divide this discussion into multiple parts. In the first part it will discuss

4

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

stipulations filed of record, purportedly to end litigation. It will then discuss, the law relating to a court's authority to act upon a discontinued case. Finally, it will discuss the facts of this case in light of the applicable law.

# I

Generally, any matter that involves the individual rights or obligations of the parties may properly be the subject of a stipulation between them, so long as the agreement does not interfere with the general powers, duties or prerogatives of the court. *83 C.J.S. Stipulations §24.* See also *George A. Fuller Co., Inc. v. City of Pittsburgh,* 15 Pa.Cmwlth. 403, 407, 327 A.2d 191, 194 (1974). Some stipulations, however, directly impact the court's powers, duties, and prerogatives and as such they are subject to review by the court. Case management falls squarely within the powers, duties, and prerogatives of the court.

The filing of the Stipulation Agreement with the Office of the Prothonotary of Berks County, in and of itself, had no dispositive procedural impact on this litigation. Notably, the responsibility of the Office of the Prothonotary is purely ministerial and it has no discretion to depart from its statutory obligations.

> ...the powers wielded by the clerk of courts, like those of the prothonotary, are purely ministerial in nature. *See In re Administrative Order No. 1–MD–2003,* 594 Pa. 346, 936 A.2d 1, 9 (2007). The clerk of courts and prothonotary are not permitted to interpret statutes or challenge court actions. *Id.* Likewise, they lack the authority to either evaluate the merits of a litigant's pleadings or decline to accept a timely

5

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

notice of appeal. *See Brown v. Levy*, 621 Pa. 1, 73 A.3d 514, 519 (2013). Far from operating as an independent reviewer and screening officer with respect to court filings, the clerk of courts fulfills a strictly administrative function....

*Commonwealth v. Williams*, 630 Pa. 169, 179, 106 A.3d 583, 588 (2014). As the Pennsylvania Supreme Court observed, the clerk of courts and prothonotary occupy parallel offices, with the former administering the criminal division of the court of common pleas and the latter the civil division of the court of common pleas. The Pennsylvania Supreme Court chose to apply the same limitations to the clerk of courts as it does the prothonotary, as both offices are created by the same constitutional provision and have substantially identical statutory grants of authority. *Id. at n. 8.* In sum, the Office of Prothonotary had the obligation to accept the filing of the Stipulation Agreement despite the fact that it, in and of itself, had no procedural impact on the litigation.

The Court, on the other hand, has the duty and authority to control the litigation pending before it. "A trial judge, in the exercise of his inherent power to control litigation over which he is presiding and his duty to supervise the conduct of lawyers practicing before him so as to prevent gross impropriety, has power to act where the facts warrant it." *Slater v Rimar, Inc., 462 Pa. 138, 149, 338 A.2d 584, 589 (1975).* Further, "[i]t is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system." Pa.R.J.A. 1901(a).

6

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

In fulfilling its obligations to exercise control over the management of a case, this Court must review all stipulations to determine their impact on the processing of the case. Substantively, the Stipulation Agreement outlined the repayment terms that the parties have agreed upon. Procedurally, it was defective because it did not terminate the litigation or otherwise delay it.

In this matter, although the mere filing of the Stipulation Agreement may evidence an agreement between private parties, it did not delay or terminate the litigation. Quite to the contrary, the simple filing of the Stipulation Agreement had no procedural impact on the litigation pending before the court. The filing of a Stipulation Agreement, or a similar document, would be the equivalent of filing with the Office of the Prothonotary the release in a car accident case under the mistaken belief that it will terminate the docket or otherwise designate the litigation as complete.

The parties had several options available to them that would have had a procedural impact on the litigation. A further option available to the parties is to enter the Stipulation Agreement as a consent judgment. See e.g., *Duquesne Light Co. v. Rudolph N. Rohn Co. Inc.*, 753 A.2d 286 (Pa.Super. 2000). Additionally, they could have asked the Court to approve the Stipulation Agreement and make it an order of court. Finally, the parties could have filed a motion requesting the Court to stay these proceedings while the terms of the Stipulation Agreement are being

7

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

followed. See e.g., *Keesee v. Dougherty*, 230 A.3d 1128 (Pa.Super. 2020). Lastly, they could have discontinued the litigation pursuant to Rule 230 of the Pennsylvania Rules of Civil Procedure ("A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of trial.").

It is not for the Court to opine on which option was most prudent for the parties, given their goals in this litigation. Nonetheless, at the time of filing the Stipulation Agreement, the parties did not immediately take advantage of any of the available options. Therefore, in light of the foregoing analysis, the Court found the filing of the Stipulation Agreement was procedurally defective. Without more, it did not terminate or delay this litigation and therefore it was stricken.

Within seven (7) days of the Stipulation Agreement being stricken, however, the Appellant filed a Praecipe to Settle, Discontinue and End the litigation without the reservation of any rights.

## II

A decision by a party to voluntarily terminate a case has a procedural impact on the litigation such that the trial court can no longer act in that case. As the Superior Court has observed,

> The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted. *See* 1 Goodrich–Amram 2d §

8

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

229:4; *see also Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.,* 380 Pa.Super. 1, 550 A.2d 1333, 1335 (1988) (noting in case of a voluntary nonsuit, dismissal without prejudice operates to leave the parties as if no action had been brought at all). Hence, when an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction.

*Motley Crew, LLC v Bonner Chevrolet Co., Inc.,* 93 A.3d 474, 476 (Pa.Super. 2014).

See also *Camp Horne Self Storage, LLC v Lawyers Title Insurance Corporation,* 150 A.3d 999 (Pa.Super. 2016).

Applying the holding in *Motley Crew, LLC v Bonner Chevrolet Co., Inc.,* the Pennsylvania Commonwealth Court has provided further detailed guidance in the case of *Kalmeyer v Municipality of Penn Hills,* 197 A.3d 1275 (Pa.Cmwlth. 2018).[1] In the *Kalmeyer* case, the parties had agreed in 1994 to settle pending litigation and the case was discontinued. *197 A.3d at 1277.* In 2012, a petition to enforce the settlement agreement was filed in the discontinued action. *197 A.3d at 1278.* Although neither party had raised the issue, the Commonwealth Court determined that the trial court did not have jurisdiction to entertain the petition to enforce the settlement. *197 A.3d at 1279.*

The *Kalmeyer* Court explained its reasoning in detail:

Ordinarily, where an action is discontinued, there is no longer any proceeding in which the trial court may exercise jurisdiction. *American Express Bank, FSB v. Martin,* 2018 WL 4214214 (Pa. Super., No. 181 EDA

---

[1] Although the Superior Court is not bound by the decisions of the Commonwealth Court, deference is often given to the wisdom and logic of its decisions.

9

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

2018, September 5, 2018), slip op. at 3; *Camp Horne Self Storage LLC v. Lawyers Title Insurance Corp.*, 150 A.3d 999, 1001 (Pa. Super. 2016); *Motley Crew LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 476 (Pa. Super. 2014). " 'The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted.' ... Absent a pending action or controversy, the court has no matter over which to exercise jurisdiction." *American Express Bank, Id.*, slip op. at 3 (emphasis omitted) (quoting *Motley Crew* ); *see also Camp Horne Self Storage*, 150 A.3d at 1001.

> [W]hen an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction.

*Motley Crew*, 93 A.3d at 476; *see also Camp Horne Self Storage*, 150 A.3d at 1001.

Where there is a consent decree or other court order incorporating settlement terms that require performance of future acts, an exception to this rule exists and the trial court retains jurisdiction to enforce its order despite the discontinuance of the action. *Calantzis v. Collins*, 440 Pa. 354, 269 A.2d 655, 657 (1970) ("The discontinuance of the action, based on a decree requiring a performance of a series of acts does not oust the court of its jurisdiction to see to the enforcement of that decree"); *Advanced Management Research, Inc. v. Emanuel*, 439 Pa. 385, 266 A.2d 673, 676 (1970) ("The power of a court of equity to enforce its own decrees is a necessary incident to the jurisdiction of the court. ... The jurisdiction of the court continues for the purpose of enforcing the decree") (quoting *Butler County v. Pittsburgh, H., B. and N.C. Ry. Co.*, 298 Pa. 347, 148 A. 504 (1929) ); *Pennypack Woods Home Ownership Association v. Regan*, 298 Pa.Super. 170, 444 A.2d 715, 716 (1982). Jurisdiction to enforce settlement terms that are incorporated in a court order can continue to exist years after the underlying action is discontinued. *Pennypack Woods Home Ownership Association*, 444 A.2d at 716 (trial court retained jurisdiction to enforce settlement entered as consent decree 10 years later).

If, however, the action is simply discontinued following the parties' agreement to a settlement and the settlement terms are not incorporated in a

10

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

court order, the trial court loses jurisdiction to act and cannot enforce the settlement on a petition filed in the original, discontinued action. *Camp Horne Self Storage*, 150 A.3d at 1001-03 (trial court did not have jurisdiction to rule on the motion to enforce settlement where the action had been discontinued over 3 years earlier). The filing of a motion or petition to enforce a settlement that is not incorporated in a court order does not revive the discontinued action, and a party claiming breach can obtain relief only by commencing a new action for breach of the settlement agreement by complaint or writ of summons. *Id.* at 1002.

*197 A.3d at 1279-1280.*

As will be discussed below in detail, the Appellant in this case simply discontinued the case following an agreement to settle in which the settlement terms were not incorporated in a court order.

### III

Applying the foregoing law to the facts of this case, as described in Section I, the mere filing of the Stipulation Agreement without more was of no procedural effect. That is not to say it is not legally enforceable as that question is left for another day. Nonetheless, in the absence of it being made a court order or otherwise incorporating it as part of a judgment it had no impact on *this case.*

When the Appellant made the decision to discontinue this litigation without incorporating the Stipulation Agreement into a court order, it brought this litigation to an end. As such, there was nothing more for the Court to do.

The Appellant's rights were governed by other laws. As the *Kalmeyer* Court said, "The filing of a motion or petition to enforce a settlement that is not

11

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

incorporated in a court order does not revive the discontinued action, and a party claiming breach can obtain relief only by commencing a new action for breach of the settlement agreement by complaint or writ of summons." *197 A.3d at 1280.* In the alternative, Rule 231 of the Pennsylvania Rules of Civil Procedure provides:

> After a discontinuance or voluntary nonsuit the plaintiff may commence a second action upon the same cause of action upon payment of the costs of the former action.

Pa.R.Civ.P. 231(a).

For these reasons, when this Court denied the Appellant's request to re-instate this litigation its order said, "the Motion is DENIED WITHOUT PREJUDICE to any other rights the Plaintiff may have to enforce its rights.". The Appellant's allegation in Paragraph No. 10 of it Motion to Reinstate that said, "Plaintiff cannot take further action to protect its legal rights without the case being reinstated and an entry of judgment," was plainly wrong. As was its statement in Paragraph No. 12 of its Motion to Strike Discontinuance saying, "Plaintiff's rights will be prejudiced if the discontinuance is not struck off."

The Appellant's reliance upon Rule 229(c) of the Pennsylvania Rules of Civil Procedure was misplaced. It provides:

> The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

12

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

Pa.R.Civ.P. 229(c). This Rule does not grant the parties leave at any time and for any reason to strike a discontinuance. As noted above, the Appellant has the ability to institute an action on the breach of the alleged settlement agreement or to institute a second action. As a result, there was not a risk of unreasonable inconvenience, vexation, harassment, expense, or prejudice.

In practice, Rule 229(c) of the Pennsylvania Rules of Civil Procedure is typically used by defendants.

> A discontinuance in strict law must be by leave of the court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. This was stated to be the established practice as long ago as 1843, in Schuylkill Bank v. Macalester, 6 Watts & S. 147, where it is said per curiam: 'All the cases show that a discontinuance must be founded on the express or implied leave of the court. In England this leave is obtained on motion in the first instance, and here it is taken without the formality of an application, but subject to be withdrawn on cause shown for it; that is the whole difference.' The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and *usually involve some unjust disadvantage to the defendant, or to some other interested party, such as a surety.*

*Consolidated National Bank v McManus, 217 Pa. 190, 191-192, 66 A. 250 (1907)(Emphasis Added)* quoted in *Fancseli ex. rel. Fancseli v University Health Center of Pittsburgh, 563 Pa. 439, 444-445, 761 A.2d 1159, 1161-1162 (2000).* See also *Pohl v NGK Metals Corp., 936 A.3d 43 (Pa.Super. 2007).*

Since the Appellant clearly has rights available to it, there was no unreasonable inconvenience, vexation, harassment, expense, or prejudice. Further, there was no error.

13

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867

## CONCLUSION

In light of the Appellant's decision to discontinue this litigation without incorporating its Stipulation Agreement into a court order, this Court lost jurisdiction to take further action on the case. For all of the reasons explained in this Memorandum Opinion, this Court respectfully requests the Honorable Superior Court of Pennsylvania to affirm this Court's decision.

Respectfully Submitted,

_____
JAMES E. GAVIN, J.

14

Received County of Berks Prothonotary's Office on 10/22/2024 11:31 AM Docket No. 22-15867