**Vance A. FRITZ, Jr., Appellant**

v.

**GLEN MILLS SCHOOL and Concord Pizza, Inc.**

**Vance A. Fritz, Jr., Appellant**

v.

**Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2005.
Decided Feb. 16, 2006.
Reargument Denied En
Banc April 5, 2006.

---

Steven M. Mezrow, Philadelphia, for appellant.

Daniel R. Gage, Philadelphia, for appellee, The Glen Mills Schools.

Jane H. Fisher, Sr. Deputy Attorney General, Norristown, for appellee, Department of Transportation.

Mark A. Sereni, Media, for appellee, Concord Pizza, Inc.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Vance A. Fritz, Jr. (Appellant) appeals from a decision of the Court of Common Pleas of Delaware County (trial court) which granted summary judgment in favor of the Commonwealth of Pennsylvania, Department of Transportation (DOT), Glen Mills School and Concord Pizza, Inc. (collectively, "Appellees"). We affirm for the reasons set forth below.

On June 12, 2000, Appellant was delivering pizzas for Concord Pizza when his vehicle left the roadway and struck a tree on property owned by Glen Mills and then rolled into a ditch/drop off on property also owned by Glen Mills. As a result of the brain injuries that he sustained, Appellant has no memory of the accident. On August 12, 2002, Fritz filed a Complaint in the Court of Common Pleas of Philadelphia County against Glen Mills and Concord Pizza. On July 31, 2002, Fritz filed a Complaint against DOT in the Court of Common Pleas of Delaware County. These cases were eventually consolidated before the Court of Common Pleas of Delaware County.

In Count I of his Complaint, titled "Negligence", Appellant states that Glen Mills was negligent because the tree and drop off created a foreseeable and unreasonable hazard and that the ditch/drop off was in a zone that should be traversable, free of obstruction and available for recovery of an out-of-control vehicle. In Count II of his Complaint, titled "Negligence", Appellant states that Concord Pizza was negligent by requiring its employees to deliver pizzas quickly which required driving in excess of the posted speed limits and in failing to adequately train its employees.[1]

1. As noted by the trial court, Appellant has apparently dropped this negligence claim against Concord Pizza, as he stated in page 5 of his Answer to Concord Pizza's Motion for

In Count III of his Complaint, titled "Breach of Contract", Appellant states that Concord Pizza orally stated that it would provide workers' compensation coverage for him but that it failed to do so. Appellant also alleges that Concord Pizza was legally required to obtain workers' compensation insurance. In Count IV, titled "Negligent Misrepresentation", Appellant states that Concord Pizza represented to him that they would provide workers' compensation insurance coverage but that they failed to do so. In the final count of his Complaint, titled "Fraudulent Representation", Appellant states that Concord Pizza knowingly made these representations to him and that he relied on these misrepresentations to his detriment. In his Complaint filed against DOT, Appellant generally states that DOT was negligent in failing to remove the tree.

The parties proceeded with discovery and Appellant retained an accident reconstruction expert who drafted an eighteen page report. The expert determined that the accident occurred when Appellant performed a severe left steer, which is consistent with him reacting to a deer in the road, and that his speed was less than the speed limit. The expert also determined that the tree should have been removed from the side of the road because there should have been at least a 12 foot clear zone between the edge of the pavement and the tree. The expert further concluded that the ditch contributed to the severity of the accident.

During the deposition of Appellant, the following exchange took place regarding

Concord Pizza and workers' compensation insurance:

> *Concord Pizza's attorney:* ... Mr. Fritz, when Concord Pizza took you on as a delivery person, did anybody from Concord Pizza tell you that it would obtain Workers' Compensation insurance coverage for you?
>
> *Appellant's attorney:* Objection as to form.
>
> *Appellant:* They didn't say it will not.
>
> *Concord Pizza's attorney:* But my question is, did anybody from Concord Pizza tell you that it would obtain Workers' Compensation insurance coverage for you?
>
> *Appellant's attorney:* Objection as to form.
>
> *Appellant:* They didn't say it's not going to, you're not going to get Workmen's Comp.
>
> *Concord Pizza's attorney:* My question is, did anybody from Concord Pizza tell you that it would obtain Workers' Compensation coverage for you?
>
> *Appellant's attorney:* Objection as to form.
>
> *Appellant:* No.

(N.T. 10/18/2004, pp. 171–172).

All Appellees filed Motions for Summary Judgment, which the trial court granted by order dated December 7, 2004. Appellant's appeal to this Court followed.[2] Thereafter, the trial court filed an opinion in support of its order.

With regard to Glen Mills, the trial court granted summary judgment because

---

Summary Judgment that "[a]lthough discovery is ongoing, an accident reconstruction performed by Lance Robson, P.E. has documented that Plaintiff was not speeding at the time of the accident, thus making some of Plaintiff's causes of action which were pled in the alternative, moot." (R.R. at 911a).

**2.** Our review of a trial court's order granting summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Irish v. Lehigh County Housing Authority,* 751 A.2d 1201 (Pa. Cmwlth.2000), *petition for allowance of appeal denied,* 567 Pa. 732, 786 A.2d 991 (2001).

it had nothing to do with Appellant's loss of control over his car, nor did they have any reason to believe that the tree was dangerous to anyone. With regard to Concord Pizza, the trial court reasoned that, although Section 305(d) of the Workers' Compensation Act (Act)[3] allows an injured employee to file a claim for benefits under the Act or to file an action at law for damages against employer when the employer has failed to carry workers' compensation insurance, Appellant has improperly sued Concord Pizza for negligence for failing to provide workers' compensation insurance. With regard to DOT, the trial court reasoned that it is immune from suit under the Sovereign Immunity Act, 42 Pa.C.S. § 8521, and Appellant has failed to show that his cause of action falls into one of the enumerated exceptions to sovereign immunity because he failed to show that there was any defect in the road that caused the accident.

On appeal, Appellant argues that the trial court committed an error of law and abused its discretion by granting summary judgment.

> Pa.R.C.P. No. 1035.2 provides that:
>
> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or

defense which in a jury trial would require the issues to be submitted to a jury.

In order for a grant of summary judgment to be proper, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Schnupp v. Port Authority of Allegheny County*, 710 A.2d 1235 (Pa.Cmwlth.1998). Parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions, or affidavits that there is a genuine issue for trial. *Sovich v. Shaughnessy*, 705 A.2d 942 (Pa.Cmwlth. 1998).

In making its determination that summary judgment should be granted in favor of DOT, the trial court cited the Sovereign Immunity Act and determined that Appellant's cause of action does not fall into one of the enumerated exceptions. The Sovereign Immunity Act provides, in relevant part, that:

> **(b) Acts which may impose liability.—** The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . .
>
> **(4) Commonwealth real estate, highways and sidewalks.—**A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a

---

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 501(d).

Commonwealth agency, except conditions described in paragraph (5).

**(5) Potholes and other dangerous conditions.**—A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of, the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

42 Pa.C.S. § 8522.

In support of the trial court's decision, DOT cites the case of *Baer v. Dept. of Transportation*, 713 A.2d 189 (Pa.Cmwlth. 1998). In that case, the occupants of a car died after the brakes on their car failed and it broke through a wooden guardrail and struck a tree. The appellants, who were the administratrix of the estate and the heirs of the decedents, filed a complaint against DOT alleging that it was negligent in maintaining a defective guardrail and roadway system. The trial court granted summary judgment in favor of DOT, and appellants' appeal to this Court followed. We stated that in order to overcome the defense of sovereign immunity a plaintiff must first establish a statutory or common law cause of action against the Commonwealth. Because appellants sued DOT for negligence, they therefore had to prove the elements of a cause of action in negligence, which are: (1) a duty, recognized by law, requiring the actor to conform to a certain standard with respect to the injured party; (2) a failure of the actor to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another. Second, a plaintiff must prove that the cause of action falls under one of the exceptions to sovereign immunity. In affirming the trial court's decision granting summary judgment in favor of DOT, we stated that:

> Here, there is no dispute that the vehicle crossed the highway and left the road because of a loss of brakes, intoxication of the driver, or a combination of these factors. Under such circumstances, and even in circumstances which are less extreme, we have held that the resulting accident was too remote for DOT to have anticipated; thus, DOT had no duty to institute preventive measures. *See Felli [v. Department of Transportation*, 666 A.2d 775 (Pa. Cmwlth.1995)]; *Saylor v. Green*, 165 Pa. Cmwlth. 249, 645 A.2d 318 (1994). Based on this analysis and these cases, we affirm the trial court's grant of summary judgment in favor of DOT, holding that Appellants failed to state a common law cause of action in negligence against DOT and, thus, did not meet the *first* prerequisite under the Act.

*Id.* at 192.

In *Saylor*, which we cited in support of our decision, Saylor's motorcycle left the roadway for no apparent reason and struck a fence post on the side of the road. Saylor sued both the owner of the land where the fence post was located and DOT. The trial court granted summary judgment in favor of DOT and the landowner. On appeal to this Court, we stated that:

> In considering a motion for summary judgment, the record must be examined in the light most favorable to the nonmoving party because the burden of proving the nonexistence of a material

fact is on the moving party. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). Nevertheless, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial." *Babcock v. Department of Transportation,* 156 Pa.Commonwealth Ct. 69, 75, 626 A.2d 672, 675 (1993).

...

In his complaint, Saylor alleges that he was operating his motorcycle when he "suddenly and without warning struck an illegally placed fence post...." At his deposition, Saylor testified that he did not know why he lost control of the motorcycle. Consequently, the trial court found that there was insufficient evidence to justify an inference of causation. Such a finding is consistent with *Babcock,* where a plaintiff lost control of her car for unknown reasons and the car skidded along a ditch and up an embankment where it collided with a log. This court affirmed summary judgment against plaintiff and reasoned that the accident was caused by the car leaving the roadway, not by a log lying on the ground. It follows that in the instant case, if Saylor had not left the road, his motorcycle would not have hit the pole.

*Id.* at 320.

■ Like the motorcyclist in *Saylor,* Appellant in this case can provide no reason or evidence as to why his vehicle left the road and struck the tree. As such, there was insufficient evidence to justify an inference of causation. *Baer.* Therefore, the trial court was correct in granting summary judgment in favor of DOT. For this same reason, the trial court also correctly granted summary judgment in favor of Glen Mills.

In granting summary judgment in favor of Concord Pizza, the trial court relied on Section 305(d) of the Act, which provides that:

(d) When any employer fails to secure the payment of compensation under this act as provided in sections 305 and 305.2, *the injured employe or his dependents may proceed either under this act or in a suit for damages at law as provided by article II.*

77 P.S. § 501(d) (emphasis added).

Article II, which Section 305(d) refers to, is Section 201 of the Act and provides that:

In any action brought to recover damages for personal injury to an employe in the course of his employment, or for death resulting from such injury, it shall not be a defense—

(a) That the injury was caused in whole or in part by the negligence of a fellow employe; or

(b) That the employe had assumed the risk of the injury; or

(c) That the injury was caused in any degree by the negligence of such employe, unless it be established that the injury was caused by such employe's intoxication or by his reckless indifference to danger. The burden of proving such intoxication or reckless indifference to danger shall be upon the defendant, and the question shall be one of fact to be determined by the jury.

77 P.S. § 41. The trial court reasoned that the Act provides for an injured employee to bring an action for workers' compensation benefits through the workers' compensation system or to file an action at law for damages against the employer. However, the Act does not provide that the employer may be sued for negligence for failing to provide insurance. Thus, the trial court reasoned that summary judgment in favor of Concord Pizza was appro-

priate. The trial court did not, however, address Appellant's claim for damages for fraudulent misrepresentation or breach of contract.

In order to recover damages for fraudulent misrepresentation, the moving party must prove by clear and convincing evidence:

(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the reliance. *Bortz v. Noon*, 556 Pa. 489, 499, 729 A.2d 555, 560 (1999); *Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994). All of these elements must be present to warrant the extreme sanction of voiding the contract.

*Porreco v. Porreco*, 571 Pa. 61, 69, 811 A.2d 566, 570–571 (2002).

It is evident from Appellant's deposition that Concord Pizza did not fraudulently or negligently misrepresent that it would obtain workers' compensation coverage for Appellant because Claimant testified that Concord Pizza made no such representation. As such, Appellant has failed to produce evidence of facts essential to his cause of action for fraudulent/negligent misrepresentation. Therefore, the trial court did not err in granting summary judgment in favor of Concord Pizza in this regard.

In order to recover damages for breach of contract, the party alleging the breach must prove:

(1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages. *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269 (Pa.Super.2002). While every element must be pled specifically, "it is axiomatic that a contract may be manifest orally, in writing, or as an inference from the acts and conduct of the parties." *Id.* at 1272.

*Sullivan v. Chartwell Investment Partners, LP*, 873 A.2d 710, 716 (Pa.Super.2005).

It is clear from Appellant's deposition that no express oral or written contract existed between Appellant and Concord Pizza with regard to workers' compensation insurance. However, Appellant argues that a contract can be inferred because the parties were in the legal relationship of employer/employee and, under Pennsylvania Law, employers have a legal duty to obtain workers' compensation insurance for their employees.[4] Specifically, Section 305 of the Act provides, in relevant part, that:

(a)(1) Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance. Such insurer shall assume the employ-

---

4. In support of his contention that the trial court erred in granting summary judgment in favor of Concord Pizza, Appellant cites the Superior Court case of *Liberty by Liberty v. Adventure Shops, Inc.*, 433 Pa.Super. 586, 641 A.2d 615 (1994). We note that the *Liberty* case does not directly support Appellant's position. Although the Superior Court did state that the injured employee acted properly in suing his employer for negligently failing to provide workers' compensation coverage, the question before the Court was whether the employee needed to obtain a certificate of non-insurance from the Bureau before proceeding.

er's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder . . .

77 P.S. § 501(a)(1).

As noted above, in order to recover damages for breach of contract, the party alleging the breach must prove: (1) the existence of a contract, (2) a breach of a duty imposed by the contract and (3) damages. Appellant testified that he suffered damages by not being able to collect workers' compensation benefits. However, pursuant to Section 305(d) of the Act, "[w]hen any employer fails to secure the payment of compensation under this act as provided in sections 305 and 305.2, the injured employe or his dependents may proceed either under this act or in a suit for damages at law as provided by article II." Because Appellant always had the option of proceeding against Concord Pizza pursuant to Section 305(d) of the workers' compensation act even if it did not have workers' compensation insurance, we fail to see how Appellant has been damaged by Concord Pizza's alleged failure to carry such insurance. We are also not persuaded that Appellant's suit against Concord Pizza for breach of contract is a "suit for damages at law as provided by article II" because Article II refers to actions "brought to recover damages for *personal injury* to an employe in the course of his employment" (emphasis added). An action for breach of contract is not an action for damages for personal injury to an employee in the course of employment.

Because Appellant has failed to produce evidence that he suffered damages, which is an essential element in his cause of action for breach of contract and because an action for breach of contract is not a suit for damages at law as provided by article II, we must conclude that a grant of summary judgment was proper. Therefore, the trial court did not err by granting summary judgment in favor of Concord Pizza on this issue.

Accordingly, the order of the trial court granting summary judgment in favor of DOT, Glen Mills and Concord Pizza is affirmed.

### O R D E R

AND NOW, February 16, 2006, the order of the trial court granting summary judgment in favor of the Department of Transportation, Glen Mills School and Concord Pizza is hereby AFFIRMED.