IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sterlin Reaves,                    :
                                    :
            Petitioner        :
                                    :
         v.                      : No. 470 M.D. 2023
                                    : Submitted: July 7, 2025
John Wetzel, et al.,              :
                                    :
           Respondents    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: September 19, 2025

Before this Court, in our original jurisdiction, is Sterlin Reaves' (Inmate) Application for Summary Relief (ASR)[1] and Motion to Compel. For the reasons that follow, we deny the ASR without prejudice and dismiss the Motion to Compel as moot.

Inmate is currently incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill) in the custody of the Pennsylvania Department of Corrections (DOC). On October 10, 2023, Inmate, proceeding *pro se*,[2] commenced

---

[1] Inmate filed a Motion for Summary Judgment, which we treat as an ASR pursuant to Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure. "Summary relief is similar to summary judgment under the Pennsylvania Rules of Civil Procedure, in that the requested relief is only appropriate where there are no disputed issues of material fact and it is clear that the applicant is entitled to the requested relief under the law." *Marcellus Shale Coalition v. Department of Environmental Protection*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019) (citations omitted).

[2] Inmate sought appointment of counsel, which we denied. *See* Commonwealth Court Order, 11/14/23.

this action by filing a Complaint, which we treat as a petition for review, against John Wetzel, Shirley Moore-Smeal, Steve Glunt, and Marvin Cumberledge (collectively, Respondents), who are current and/or former prison officials employed by DOC.

The Complaint before us arises from the settlement of Inmate's prisoner civil rights action (federal action), which was filed in 2016 in the United States (U.S.) District Court for the Western District of Pennsylvania (federal court). *See Reaves v. Wetzel* (W.D. Pa., No. CV-16-1869). In the federal action, the Inmate claimed that the named defendants (Federal Defendants)[3] had violated his constitutional rights as provided by the Eighth (cruel and unusual punishment) and Fourteenth Amendments (due process) of the U.S. Constitution, U.S. Const. amend. VIII and XIV, by keeping him on the Restricted Release List (RRL), and thus, in solitary confinement for approximately 14 years. In December 2020, Inmate, represented by counsel, and the Federal Defendants entered a Settlement Agreement and Release of Claims (Settlement Agreement), in which Federal Defendants agreed to a monetary payment to Inmate's prison account and certain nonmonetary conditions, including Inmate's removal from the RRL and transfer to a Management Control Unit (MCU) at SCI-Greene. *See* Complaint, Exhibit B, ¶¶6, 7. In exchange, Inmate agreed to the dismissal of the federal action.

In the matter before us, Inmate claims that Respondents have breached the terms of the Settlement Agreement. Complaint, ¶¶11, 29, 36, 38-40, 49-50, 52, 58. Specifically, Inmate contends that Respondents have not met the specific condition of placing him in an MCU, which was described in the Settlement

---

[3] The Federal Defendants were: John Wetzel, Steve Glunt, Shirley Moore, Robert Gilmore, and Marvin Cumberledge. With the exception of Robert Gilmore, they are the same named Respondents in this matter.

2

Agreement and understood by him as "general population housing unit." *Id.*, ¶¶49-50. Inmate also claims that Respondents negligently or deliberately mischaracterized and misrepresented the MCU as a general population housing unit with the intention to induce Inmate into entering the Settlement Agreement. *Id.*, ¶¶30-32, 34-35, 41-45, 47-49, 53, 59-60. According to Inmate, the MCU operates like a restricted housing unit and similarly denies all privileges enjoyed by the general prison population. *Id.*, ¶60. Inmate contends that this breach of the Settlement Agreement violated his constitutional rights. *Id.*, ¶52. Inmate seeks declaratory and injunctive relief, as well as compensatory and punitive damages and costs. Inmate asks this Court to order Respondents to immediately transfer him to SCI-Phoenix and place him in the standard general population housing unit with all privileges available to other inmates.

In response, Respondents filed an answer denying the material allegations and raising new matter. In the new matter, Respondents assert that Inmate has failed to exhaust his claims under the Prison Litigation Reform Act[4] and has not stated a claim upon which relief may be granted. Respondents further aver that they are protected by sovereign immunity. In addition, Respondents maintain that they have fully complied with the terms of the Settlement Agreement, which was not misrepresented to Inmate.

Inmate answered the new matter by denying certain allegations and challenging Respondents' affirmative defenses. Inmate then filed the ASR and brief in support based on breach of contract and fraudulent and/or negligent

---

[4] 42 Pa. C.S. §§6601-6608.

misrepresentation. Inmate has also filed a Motion to Compel asking this Court to immediately rule on his ASR. Respondents filed a brief in opposition.[5]

## Jurisdiction

Considering that Inmate's present claims arise from the alleged breach and/or misrepresentation of the terms of the Settlement Agreement reached in the federal action, we find it necessary to first address whether this Court has subject matter jurisdiction.[6] As this Court has explained:

> Where there is a consent decree or other court order incorporating settlement terms that require performance of future acts, . . . the [court entering the decree] retains jurisdiction to enforce its order despite the discontinuance of the action. *Calantzis v. Collins*, [269 A.2d 655, 657 (Pa.] 1970) ("The discontinuance of the action, based on a decree requiring a performance of a series of acts does not oust the court of its jurisdiction to see to the enforcement of that decree"); *Advanced Management Research, Inc. v. Emanuel*, [266 A.2d 673, 676 (Pa.] 1970) ("The power of a court of equity to enforce its own decrees is a necessary incident to the jurisdiction of the court. . . . The jurisdiction of the court continues for the purpose of enforcing the decree") (quoting *Butler County v. Pittsburgh,[Harmony, Butler & New Castle Railway*

---

[5] In their brief, Respondents add that, shortly after the Settlement Agreement was reached, Inmate was placed in the MCU at SCI-Greene. Respondents' Brief at 3; Petitioner's Reply Brief at 2. The MCU was not fully implemented at that time due to COVID-19, but it was brought into line in March 2021. Respondents' Brief at 3; Petitioner's Reply Brief at 2. *Id.* DOC established an MCU at SCI-Camp Hill and transferred Inmate to that unit in February 2022, where he is currently confined. Respondents' Brief at 3; *see* Complaint, ¶5; Petitioner's Reply Brief at 2.

[6] "The lack of jurisdiction of the subject matter may be raised at any time and may be raised by the court *sua sponte* if necessary." *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 399 (Pa. 2021) (citation and quotation omitted). Whether a court has subject matter jurisdiction is a question of law subject to plenary review. *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008).

*Company*,] [148 A. 504 (Pa.]1929)); *Pennypack Woods Home Ownership Association v. Regan*, [444 A.2d 715, 716 (Pa. Super.] 1982). Jurisdiction to enforce settlement terms that are incorporated in a court order can continue to exist years after the underlying action is discontinued. *Pennypack Woods Home Ownership Association*, 444 A.2d at 716 (trial court retained jurisdiction to enforce settlement entered as consent decree 10 years later).

*If, however, the action is simply discontinued* following the parties' agreement to a settlement and the settlement terms are not incorporated in a court order, the [] *court loses jurisdiction to act and cannot enforce the settlement* on a petition filed in the original, discontinued action. *Camp Horne Self Storage* [*LLC v. Lawyers Title Insurance Corp.*, 150 A.3d 999, 1001-03 (Pa. Super. 2016)] (trial court did not have jurisdiction to rule on the motion to enforce settlement where the action had been discontinued over 3 years earlier). The filing of a motion or petition to enforce a settlement that is not incorporated in a court order does not revive the discontinued action, and a party claiming breach can obtain relief only *by commencing a new action for breach of the settlement agreement by complaint . . . . Id*. at 1002.

*Kalmeyer v. Municipality of Penn Hills*, 197 A.3d 1275, 1280 (Pa. Cmwlth. 2018) (emphasis added).

Per the terms of the Settlement Agreement, the parties agreed that the Federal Defendants would remove Inmate from the RRL and place him in "the [MCU] at [SCI-Greene], a General Population Housing Unit, after the Unit becomes operational." Complaint, Exhibit B, ¶6(b). Recognizing that COVID-19 may interrupt the establishment of the MCU and the transfer of inmates, the parties further agreed that:

[Inmate] *may file a motion to reopen the case to seek injunctive* (non-monetary) relief related to his current claims only, if [Inmate] has not been transferred to the MCU at SCI-Greene by December 31, 2020. [The

5

Federal] Defendants further agree that if the DOC expects any changes and/or delay as to the implementation of the conditions of this [S]ettlement [A]greement, including [Inmate's] transfer to the MCU at SCI Greene, regardless of whether imposed by Quarantine, COVID-19, or otherwise, it will advise [Inmate]'s counsel as soon as practical.

*Id*., Exhibit B, ¶7 (emphasis added). The parties also agreed that if the Federal Defendants failed to meet any of the obligations listed in paragraphs 6 and 7, Inmate "reserve[d] the right t*o file a motion to reopen his claims and seek corresponding injunctive relie*f, pursuant to the conditions set forth in Paragraph 7 . . . ." *Id*., Exhibit B, ¶8 (emphasis added).

Although the parties consented to the jurisdiction of the federal court, the Settlement Agreement was never incorporated by a court order or decree or placed into the record. *See* Respondents' Brief, Exhibit 1 (Federal Docket Report).[7] Shortly after the settlement was reached, the parties submitted a Joint Stipulation of Dismissal with Prejudice. *Id*. By order dated April 15, 2021, the federal court approved the stipulation and dismissed the matter with prejudice. *Id*. Consequently, the federal court did not retain jurisdiction of the Settlement Agreement for the purpose of enforcing it.

This Court exercises original and exclusive jurisdiction over civil actions against the Commonwealth government, including any officer thereof, with specified exceptions which are not relevant here. Section 761(a) of the Judicial Code, 42 Pa. C.S. §761(a); *Chruby v. Department of Corrections*, 4 A.3d 764, 772-73 (Pa. Cmwlth. 2010); *see Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 382 (1994) (holding enforcement of a settlement agreement is a matter

---

[7] *See Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[ ]available docket . . . .").

6

for state courts).  Respondents are current and/or former DOC officers, in their official capacities.  Therefore, Inmate's Complaint is properly before us.

**ASR**

Turning to Inmate's ASR, Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides that, "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532.  As this Court has explained:

> An [ASR] may be granted if a party's right to judgment is clear, *and no material issues of fact are in dispute*. When ruling on an [ASR], we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.

*Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 (Pa. Cmwlth. 2018) (citations and quotations omitted) (emphasis added).

Inmate's claims are rooted in the terms of the parties' Settlement Agreement.  As set forth above, Respondents agreed to remove Inmate from the RRL and place him in "the [MCU] at [SCI-Greene], a General Population Housing Unit, after the Unit becomes operational."  Complaint, Exhibit B, ¶6(b).  The parties do not dispute that Inmate was transferred to an MCU at SCI-Greene and then later transferred to an MCU at SCI-Camp Hill, where he is currently incarcerated.  However, Inmate contends that Respondents breached the Settlement Agreement claiming that the MCU was not "a general population housing unit" as identified in the Settlement Agreement.  Complaint, ¶11.  Alternatively, Inmate claims that Respondents fraudulently misrepresented the nature of the MCU as "a general

7

population housing unit" to induce settlement and, consequently, there was no meeting of the minds. *Id.*, ¶¶44-45. Inmate seeks declaratory and injunctive relief, including his transfer to a general population housing unit per the terms of the Settlement Agreement. *Id.*, ¶¶60-62.

Settlement agreements are considered binding contracts. *Waggle v. Woodland Hills Association, Inc.*, 213 A.3d 397, 405 (Pa. Cmwlth. 2019). As such, courts construe and enforce settlement agreements according to traditional principles of contract interpretation. *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999); *East Penn Township v. Swartz*, 304 A.3d 116, 127 (Pa. Cmwlth. 2023); *Woodland Hills*, 213 A.3d at 405.

"To be enforceable, a settlement agreement must possess all of the elements of a valid contract." *Mazzella*, 739 A.2d at 536; *accord East Penn Township*, 304 A.3d at 127. "[T]he elements of a valid contract[ are] offer, acceptance and consideration[,] and there must be a mutual meeting of the minds." *East Penn Township*, 304 A.3d at 127. "[I]t is essential to the enforceability of a settlement agreement that the minds of the parties should meet upon all the terms, as well as the subject-matter, of the agreement." *Mazzella*, 739 A.2d at 536 (emphasis added; internal quotations and citation omitted). "When a settlement agreement contains all essential terms for a valid contract, a court may enforce the terms of the agreement, even if the terms are not yet formalized in writing." *East Penn Township*, 304 A.3d at 127 (citing *Mazzella*, 739 A.2d at 536). "An essential term is one that must be included for a contract to exist." *Id.* (citation and quotations omitted).

"'The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties' from the writing." *Woodland Hills*, 213 A.3d at 405 (quoting *Lesko v. Frankford Hospital-Bucks County*, 15 A.3d 337, 342 (Pa.

2011)).  Where the language of the contract is clear and unambiguous, the intent of the parties is determined from the writing itself.  *Lesko*, 15 A.3d at 342.  "When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances."  *Insurance Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 468 (Pa. 2006).  An agreement "is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense."  *Id*. at 468–469.

To sustain a claim for breach of contract, a plaintiff must prove: "(1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages."  *Fritz v. Glen Mills School*, 894 A.2d 172, 178 (Pa. Cmwlth. 2006) (citation and quotation omitted).  To void a contract for fraudulent misrepresentation, the following elements must be proved:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the reliance.

*Porreco v. Porreco*, 811 A.2d 566, 570 (Pa. 2002).

"The interpretation of a[] . . . contract is a matter of law, which may be decided on summary judgment."  *Ungarean v. CNA & Valley Forge Insurance Co.*, 323 A.3d 593, 597 n.2 (Pa. 2024); see *Lesko*, 15 A.3d at 342.  However, questions as to whether there was a meeting of the minds regarding the essential terms of a settlement agreement or whether a party breached the agreement or misrepresented

9

its terms are questions of fact. *See Porreco*, 811 A.2d at 570; *Mazzella*, 739 A.2d at 536-37; *Fritz*, 894 A.2d at 178.

In support of his claims, Inmate alleges that the MCU is not a "general population housing unit" as identified in the Settlement Agreement because it operates more like a restricted housing unit. Complaint, ¶60. Inmate claims he is denied privileges, including contact visits, that are enjoyed by the general prison population. *Id*. Inmate alleges that, during negotiations, he made it clear that his primary goal was to be released from solitary confinement and any form of segregated housing to a general population housing unit. *Id*., ¶30. Inmate further asserts that he understood, based on representations made by Respondents, that the newly formed MCU would be a general population housing unit with commensurate general population privileges and freedom of movement and that it would not operate in a similar fashion to restricted housing units. *Id*., ¶¶31-32, 34-35, 53. Inmate maintains that, had he known the MCU would operate like a restricted housing unit, he would not have agreed to accept the settlement and dismiss his federal action. *Id*., ¶54.

Respondents deny these allegations and demand strict proof. Respondents' Answer and New Matter, ¶¶30-32, 34-35, 53-54. By way of further response, Respondents advise that Inmate was represented by counsel during the negotiations and did not directly negotiate with Respondents. *Id*., ¶¶30, 34-35, 53-54. Respondents defend that they did not breach the Settlement Agreement or misrepresent the nature of the MCU in negotiations. Respondents, however, admit that, during negotiations, the MCU was "still a concept and there was[ not] a policy or handbook outlining the day[-]to[-]day operation of the MCU." Complaint, ¶33; Respondents' Answer and New Matter, ¶33. Respondents offer a declaration from

10

Timothy A. Holmes, DOC's Chief Counsel, regarding the settlement negotiations with Inmate's counsel. Respondents' Brief, Exhibit B. According to the Holmes' Declaration, Inmate was advised that the MCU was a specialized general population housing unit and, as such, there would be differences compared to a standard general population housing unit, including non-contact visitation. *Id*., Exhibit B, ¶18 and Attachment A.

As the foregoing illustrates, genuine issues of material fact exist concerning whether there was a meeting of the minds, a breach, or a misrepresentation concerning an essential term of the Settlement Agreement. Consequently, summary relief is not appropriate at this juncture. We, therefore, deny Inmate's ASR without prejudice and dismiss his Motion to Compel as moot.[8]

_____

MICHAEL H. WOJCIK, Judge

_____

[8] Although Respondents have raised affirmative defenses, they have not sought summary relief.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sterlin Reaves,                                    :
                                                   :
                    Petitioner                     :
                                                   :
          v.                                       : No. 470 M.D. 2023
                                                   :
John Wetzel, et al.,                               :
                                                   :
                    Respondents                    :

# **O R D E R**

AND NOW, this 19th day of September, 2025, Petitioner's Application for Summary Relief is DENIED WITHOUT PREJUDICE and his Motion to Compel is DISMISSED AS MOOT.

_____
MICHAEL H. WOJCIK, Judge